United States District Court
Southern District of Texas
**ENTERED**
July 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDRIC McNEAL, <br> TDCJ #2317254, <br><br> Plaintiff, <br><br> v. <br><br> KEN NASH, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-23-2653 |

## ORDER OF DISMISSAL

State inmate Cedric McNeal (TDCJ #2317254, former TDCJ #1102153 and #1785123) is presently incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Gib Lewis Unit. McNeal has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against Ken Nash, who is Director of the State Counsel for Offenders, and an unidentified State Counsel for Offenders employee. McNeal alleges that the defendants have wrongfully refused to provide him with legal assistance for a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. This action will be dismissed for the reasons explained below.

This civil action is governed by the Prison Litigation Reform

Act (the "PLRA"), 28 U.S.C. § 1915A, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding in forma pauperis. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996), abrogated on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1762-63 (2015). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of non-meritorious' prisoner cases") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)).

Court records reflect that McNeal has accumulated more than three strikes for filing actions that were found to be frivolous: (1) McNeal v. State of Texas Board of Pardons and Paroles, Civil No. 1:23-84 (W.D. Tex. March 20, 2023); (2) McNeal v. Schaap, Civil No. 2:23-29 (N.D. Tex. April 12 2023); (3) McNeal v. Riley, Civil No. 2:23-85 (N.D. Tex. April 12 2023); (4) McNeal v. Schaap, Civil No. 2:23-249 (N.D. Tex. April 12 2023). Because McNeal has more than three strikes he is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g) unless he is in imminent danger of

serious physical injury.

To fit within the exception found in § 1915(g) a prisoner must demonstrate that he is in imminent danger of serious physical injury as of the time that he seeks leave to file his complaint. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). McNeal does not allege facts showing that he is in any danger of serious physical harm. Because McNeal does not demonstrate that he fits within the exception to the three-strikes rule, this action will be dismissed as barred by § 1915(g).

Accordingly, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Cedric McNeal (Docket Entry No. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. McNeal may file a Motion to Reinstate this case only if he pays the full amount of the filing fee ($402.00) within **thirty days** of the date of this Order.

**The Clerk will provide copies of this Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 25th day of July, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE